**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4655

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD OLTON, a/k/a Bobby, a/k/a O.B.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  William L. Osteen, Senior District Judge.  (3:03-cr-00127-1)

Submitted:  June 6, 2007              Decided:  July 10, 2007

Before NIEMEYER and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sofie W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Jonathan A. Vogel, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Olton was convicted by a jury of one count of conspiracy to possess with intent to distribute cocaine, cocaine base, and heroin, in violation of 21 U.S.C. § 846 (2000), one count of possession with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 841 (2000), one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000). Olton appeals the district court's judgment, entered pursuant to the jury's verdict. Although Olton does not contest his sentence, he does challenge his convictions. For the following reasons, we affirm.

Olton first claims that the district court erred in denying his motion to suppress because the stop of his car was not based on reasonable suspicion. This court reviews the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). We have reviewed the briefs, the transcript of the hearing on the motion, and the other materials

submitted by the parties, and conclude that the district court did not err in denying Olton's motion to suppress.

Olton also challenges whether there was sufficient evidence to convict him under 18 U.S.C. § 924(c) and 21 U.S.C. § 841(b)(1)(b). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

To establish a violation of 18 U.S.C. § 924(c), the government must prove that the firearm "furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Factors that might lead a

reasonable trier of fact to conclude that the requisite nexus existed between the firearm and the drug offense include: "'the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon . . . , whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.'" Id. (quoting United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000)). "Ultimately, the test is whether a reasonable jury could, on the evidence presented at trial, find beyond a reasonable doubt that possession of the firearm facilitated a drug trafficking crime . . .; 'in furtherance' means that the gun afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug trafficking." United States v. Lewter, 402 F.3d 319, 322 (2d Cir. 2005).

Moreover, the elements of a § 841(a) offense are: "(1) possession of the narcotic controlled substance, (2) knowledge of the possession, and (3) intent to distribute the narcotic controlled substance." United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999). The possession element may be established by proof of actual or constructive possession. Burgos, 94 F.3d at 873; United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). "A person has constructive possession of a narcotic if he knows of its presence and has the power to exercise dominion and control over it." United States v. Schocket, 753 F.2d 336, 340 (4th Cir.

- 4 -

1985).  Our review of the record leads us to conclude that the evidence presented to the jury was sufficient to prove that Olton possessed with intent to distribute cocaine and heroin; and possessed a firearm in furtherance of a drug trafficking crime.

For the reasons stated herein, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>